# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ERNEST CATRON and ERNEST CATRON, ) | |
| as Plaintiff ad Litem and ) | |
| MICHAEL HOPPER, JR., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COME NOW plaintiffs, Ernest Catron and Michael Hopper, Jr. (hereinafter referred to as "plaintiffs"), by and through their attorneys of record, Hall Ansley, P.C., and for their cause of actions against the United States of America state:

1. This is a matter involving the Federal Tort Claims Act pursuant to 28 U.S.C.A. §§ 2671 et. seq. brought by plaintiffs against the United States of America. This Court has jurisdiction pursuant to 28 U.S.C.A §1346(b).

2. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the Judicial District where a plaintiff resides if no real property is involved in the action. Plaintiffs currently reside in Bolivar, Polk County, Missouri. Therefore, venue is proper in the United States District Court for the Western District of Missouri, Southern Division.

3. Plaintiffs' claims arose from acts or omissions which occurred at the Ozarks Community Health Center, Miles for Smiles, in Bolivar, Missouri, from March 29, 2019, through May 13, 2019.

4. All plaintiffs filed Federal Tort Claims against the Department of Health and Human Services within two years from the occurrence. Said claims were timely filed pursuant to 28 U.S.C. § 2401 and 28 U.S.C. § 2671 to 2680 on or about December 29, 2020.

5. On or about June 29, 2020, plaintiffs received notice from the Department of Health and Human Services that they had denied the claims of plaintiffs. Plaintiffs are now filing suit after said denial.

6. At all times herein mentioned Shirley Ann Catron was the wife of Ernest Catron and the mother of Michael Hopper, Jr.

## COUNT I

7. Ernest Catron and Michael Hopper, Jr. are authorized to bring this action pursuant to R.S.Mo. 537.080(1)(2000). There are no class members other than plaintiffs.

8. At all times material, defendant, the United States of America, through the Department of Health and Human Services, was engaged in the activity of operating a dental clinic, in particular the Ozarks Community Health Center, "Miles for Smiles" in Bolivar, Polk County, Missouri (hereinafter referred to as "Clinic"). The Clinic has provided medical care, treatment, and services to Shirley Catron through its agents, employees, physicians, assistants and technicians.

9. Plaintiffs allege the agents servants, and employees of the Clinic, while acting in the scope and course of their employment for the United States Government, negligently treated Shirley Ann Catron, causing personal injury and damages and ultimately her untimely death as more fully set forth below.

10. On or about March 29, 2019, Shirley Ann Catron presented to the Clinic for a denture consultation seeking replacement dentures. The healthcare provider discussed shortening

2

posterior buccal front/lingual phalanges of mandible CDE to provide better fit. Shirley Ann Catron agreed to proceeding with the making of replacement dentures.

11. On or about April 4, 2019, Shirley Ann Catron presented to the Clinic for her denture replacements. An employee and agent of the Clinic proceeded to take impressions by using certain impression material. Unbeknownst to Shirley Ann Catron, the material in the tray was overfilled causing Shirley to unknowingly swallow the impression material.

12. On or about March 4, 2020, Shirley Ann Catron presented to the Emergency Department of Citizens Memorial Hospital complaining of nausea and vomiting for the past three days. A CT of the abdomen was obtained and it revealed a foreign object described as "ingested radio dense material present in the distal small bowel."

13. The radio dense material was the impression material that had been swallowed as a liquid, later became hard and moved through Shirley Ann Catron's digestive tract but as of March 4, 2020, causing a bowel obstruction in her distal small bowel.

14. On or about March 5, 2020, Dr. Martin Tyson, D.O. performed a laparoscopic procedure that was ultimately converted into exploratory laparotomy where he took down extensive adhesions and noted that a portion of the bowel was visibly twisted within some adhesions. The impression material was located and noted to be obstructing the bowel causing a large mesenteric tear. Dr. Tyson performed an enterotomy and excised 15 to 20 centimeters of small bowel and removed the impression material. He performed an anastomosis of the small bowel that remained.

15. Post-operatively, Shirley Ann Catron was thereafter started on antibiotics and was monitored in the hospital setting from March 5th through March 10, 2020,

16. Shirley Ann Catron was discharged on or about March 10, 2020.

17. On or about March 16, 2020, Shirley Ann Catron returned to the Emergency Department of Citizens Memorial Hospital. The emergency staff concluded Shirley Ann Catron had evidence of multiorgan failure, shock, and free air in her abdomen.

18. During the early morning hours of Dr. John Crighton performed emergent surgery to address dehiscence of the anastomosis which is a complication from the surgery.

19. At all times relevant herein defendant United States of America, through the agents and employees of the Clinic, had a duty to possess and use that degree of skill and learning ordinarily used in the same or similar circumstances by members of its profession in the treatment of Shirley Ann Catron. Defendant United States of America, breached its duty, was careless, negligent, and at fault in the following respects:

    a. Negligently and carelessly overfilled the impression trays with the impression material;

    b. Negligently and carelessly failed to recognize that the impression trays were overfilled and that Shirley Ann Catron swallowed impression material;

    c. Failed to instruct or warn patient to not swallow while impression trays were in her mouth;

    d. Failed to instruct patient to spit out any impression material; and,

    e. Failed to instruct patient to present to the Emergency Department after swallowing impression material.

20. That as a direct and proximate result of the negligence and carelessness of defendant, Shirley Ann Catron was caused great physical pain and anguish prior to her untimely death.

21. As decedent's spouse and child, plaintiffs have, as a direct and proximate result of defendant's negligence, lost services, counseling, consortium, companionship, comfort, instruction, guidance and support of Shirley Ann Catron.

22. That as a direct and proximate result of the negligence and carelessness of the defendant, plaintiffs have incurred funeral expenses resulting in Shirley Ann Catron's untimely death.

WHEREFORE, plaintiffs Ernest Catron and Michael Hopper, Jr., pray for judgment against the defendant United States of America, for such damages for the wrongful death as shall be determined to be fair and reasonable under the circumstances; for costs, together with interest at the highest legal rate allowed from the date of judgment; and for such other and further relief as this Court deems just and proper.

## COUNT II

COMES NOW plaintiff Earnest Catron, plaintiff ad litem for Shirley Ann Catron, by and through his attorneys of record Hall Ansley, P.C., and for Count II of plaintiffs' cause of action against defendant United States of America, states, alleges, and avers to the Court as follows:

23. Plaintiffs restate, reallege, re-aver, and reincorporate herein and by reference each and every allegation contained in paragraphs 1 through 22 of Count I of plaintiffs' Complaint as though the same were set forth *in haec verba*.

24. As a direct and proximate result of the carelessness, negligence, and fault of the defendants, and each of them, jointly and severely as aforesaid, Shirley Ann Catron was caused great physical pain and anguish and as a further result of the negligence, Shirly Ann Catron died.

5

25. As a direct and proximate result of the negligence, carelessness, and fault of defendants as alleged in Count I of plaintiffs' Complaint herein, Shirley Ann Catron suffered a lost chance of survival.

26. As a direct and proximate result of the carelessness, negligence, and fault of the defendants as alleged in Count I of plaintiffs' Complaint herein, Shirley Ann Catron suffered damages equal to the value of her lost life multiplied by the percentage of chance of survival; such calculations include, but are not limited to, her loss of enjoyment of life; her mental distress and emotional trauma from her awareness of her lost opportunity for survival; for the lost opportunity for an earlier and more effective treatment; for medical expenses incurred; and for the lost opportunity for the chance of realizing any resulting gain in life expectancy and/or physical or mental comfort.

WHEREFORE plaintiff Earnest Catron, as plaintiff ad litem for Shirley Ann Catron, prays for judgment against defendant United States of America for such damages as shall be determined fair and reasonable under the circumstances; for costs herein incurred and for such other and further relief as the Court deems just and proper.

HALL ANSLEY, P.C.

By: /s/ *Deborah K. Dodge*
DEBORAH K. DODGE
Missouri Bar No. 44478
3275 E. Ridgeview St.
Springfield, MO 65804
Telephone: (417) 890-8700
Facsimile: (417) 890-8855
E-mail: ddodge@hallansley.com
*Attorneys for Plaintiffs*