# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ERNEST CATRON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-03194-MDH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## AMENDED ORDER APPROVING SETTLEMENT AND APPORTIONMENT OF SETTLEMENT PROCEEDS

Before the Court is Plaintiffs' Application for Approval of Settlement and Apportionment of Settlement Proceeds. (Doc. 30). Plaintiffs Ernest Catron and Michael W. Hopper, Jr., have submitted affidavits in support of the application and have stated they wish to waive their right to appear at a hearing. (Docs. 31 and 32). After reviewing the record before the Court, including the Release and affidavits offered by Plaintiffs, and the alleged cause of action against Defendant, the Court finds that the Application for Approval of Settlement and Apportionment of Settlement Proceeds should be **GRANTED**, and that it is and will be in the best interest of all involved to accept **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)**, as described in Exhibit "A," in settlement and discharge of all claims, demands, damages, accrued or accruing, which Plaintiffs might in the future have, against Defendant, its agents, servants, employees, successors, assigns and attorneys on account of the death of Shirley Catron, the decedent.

**IT IS THEREFORE ORDERED, CONSIDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:**

1. The proposed settlement should be, and hereby is, **APPROVED**.

2. Plaintiffs are the only known individuals entitled to bring and maintain an action for the wrongful death of Shirley Catron, pursuant to R.S.Mo. §537.080.

3. Plaintiffs are to recover from Defendant **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)** for their claim for wrongful death.

4. Plaintiffs understand they have a right to a trial on all issues of fact, and that by settling this case, Plaintiffs are forever waiving that right.

5. Plaintiffs entered into a contract with Hall Ansley P.C. to serve as their attorneys and believe their advice and assistance was helpful and effective, and that their attorney's fees and expenses as presented in the amount of $125,000.00 and $2,000.00, respectively, in connection with this matter are fair and reasonable and within the proper confines of 28 U.S.C. § 2678 in that the attorney's fees do not exceed 25% of the settlement amount.

6. The Plaintiffs request that the attorney's fees and expenses be approved and paid from the proceeds of the settlement.

7. The Court finds that a fair and reasonable apportionment of net proceeds of this settlement (after payment of attorney's fees and expenses) is and shall be:

    a. Ernest Catron - $248,666.67

    b. Michael W. Hopper, Jr. - $124,333.33

8. Defendant is hereby ordered to promptly submit a request to the Department of the Treasury, Financial Management Services, through the Department of Health and Human Services for payment of the settlement amount which will be directly deposited into Hall Ansley P.C.'s trust bank account for disbursement.

9. The Court directs each Plaintiff to file Receipts with the Court. Plaintiffs are also directed to file an Accounting to the Court once payment has been made to each individual Plaintiff and a Satisfaction of Judgment.

**IT IS SO ORDERED.**

Dated: May 31, 2022

                                            */s/ Douglas Harpool*
                                            The Honorable Douglas Harpool
                                            U.S. District Court Judge